FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 2 2 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD SMITH, <br> Plaintiff, | : <br> : <br> : | CIVIL ACTION NO. <br> 1:09-CV-2820-TWT |
| v. | : <br> : <br> : | |
| DEKALB COUNTY SHERIFF'S OFFICE, <br> Defendant. | : <br> : <br> : <br> : | CIVIL RIGHTS ACTION <br> 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Joseph Howard Smith, presently confined at the Augusta State Medical Prison in Grovetown, Georgia, has been granted in forma pauperis status in the instant pro se civil rights action. This matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

## I. The Standard of Review

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the

factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by

lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

AO 72A
(Rev.8/82)

## II. Discussion

Plaintiff's allegations and claims in the instant action arise in connection with his stay at the DeKalb County Jail ("Jail") in Decatur, Georgia. Plaintiff sues the following defendants: (1) DeKalb County Sheriff's Office; (2) Officer Revell; (3) Officer Adams; (4) Sergeant Patterson; (5) Chief Security Officer Cheatham; (6) Captain Sims; (7) Captain Collins; and (8) Dr. Croaker.[1] [Doc. 1 at 1, 3]. Plaintiff asserts various claims challenging the conditions of his confinement at the Jail. [Id. at 3-4; Attached Pages at 1-6]. Plaintiff seeks monetary relief as well the removal of "sex offender" status from prison records. [Id. at 4].

At the outset, this Court concludes that the DeKalb County Sheriff's Office is not a legal entity capable of being sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Accordingly, the DeKalb County Sheriff's Office is dismissed as a defendant from this case.

---

[1] The Clerk of Court has listed the DeKalb County Sheriff's Office as the sole defendant in this case. Plaintiff, however, listed several individual defendants on the third page of his form complaint. [Doc. 1 at 3]. Accordingly, the Clerk will be directed to add these individuals as defendants in this case.

A. **Deliberate Indifference to his Safety**

Plaintiff primarily claims that Jail officials and supervisors acted with deliberate indifference to his safety by failing to protect him from an attack by another inmate. [Doc. 1 at 3-4, Attached Pages at 1]. Plaintiff filed a previous civil rights action in this Court, in which he alleged the same core of operative facts. (Smith v. Revell, et al., Civil Action No. 1:08-CV-198-TWT ("Smith I")). In Smith I, Plaintiff sued Jail officials Revell, Collins, Adams, and Sims as well as two other defendants. (Id., Doc. 1). Plaintiff claimed that these Jail officials and supervisors failed to protect him from an attack by another inmate. (Id., Docs. 1 and 6). On March 24, 2008, this Court dismissed Smith I under § 1915A because each defendant was entitled to qualified immunity. (Id.).

Plaintiff's deliberate indifference claim involves the same facts as those alleged in the first action. [See Doc. 1 at 3-4, Attached Pages at 1]. Because Plaintiff asserts the same deliberate indifference claim that was previously adjudicated adversely to him in Smith I, the doctrine of res judicata precludes Plaintiff from re-litigating it in this action. See Durbin v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) (holding that res judicata, or claim preclusion, bars a subsequent claim when a court entered a final judgment on the merits of the same cause of action in a prior lawsuit).

5

## B. Deliberate Indifference-Health

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). It appears that Plaintiff was a pre-trial detainee during his stay at the Jail. The minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). See also Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The prisoner must demonstrate an "objectively serious deprivation" of medical care by showing (1) "an objectively serious medical need ... that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that need was poor enough to constitute an unnecessary and wanton

6

infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor, 221 F.3d at 1258 (quotations and citations omitted). The Eleventh Circuit has defined a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243.

A prisoner must also demonstrate a jail official's subjective intent to punish by showing that the official acted with deliberate indifference. Taylor, 221 F.3d at 1258. To satisfy the "subjective" requirement, the Eleventh Circuit explains:

> A prisoner can show the prison official's: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. Where an inmate receives medical treatment, but desires different modes of treatment, the care provided does not amount to deliberate indifference. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Barnes v. Martin County Sheriff's Dept., 326 Fed. Appx. 533, 535 (11th Cir. 2009) (internal citations and quotations omitted).

While asserting that he was denied proper medical care after being attacked by another inmate, Plaintiff identifies one of the named defendants in connection with this claim, Dr. Croaker.[2] Plaintiff cryptically alleges that Dr. Croaker wrote an order incorrectly and that he could not read Plaintiff's x-ray. [Doc. 1, Attached Pages at 2]. At best, Plaintiff asserts a claim of medical malpractice or negligence against Dr. Croaker. See McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (recognizing that allegations of negligence or malpractice do not state a constitutional violation that is cognizable under § 1983). Plaintiff has failed to allege that Dr. Croaker or any one of the other Defendants acted with deliberate indifference to Plaintiff's medical needs. Accordingly, Plaintiff's deliberate indifference claim is subject to dismissal.

### C. Denial of Access to Law Library

A denial of access to courts claim arises from both the Due Process Clause and the First Amendment. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Harris v.

---

[2] In his complaint, Plaintiff alleges that: (1) certain unidentified prison officials laughed at Plaintiff and then delayed treatment for Plaintiff by thirty days; (2) DeKalb County Judge Anne Workman caused Plaintiff's surgery to be cancelled; (3) DeKalb County Judge David Wood directed Jail officials to provide Plaintiff with pain medication less than the amount prescribed; and (4) Plaintiff was deprived of his medical records for over three years. [Doc. 1, Attached Pages at 1-3]. These allegations fail to identify any one of the named defendants as acting with deliberate indifference to Plaintiff's medical needs.

8

Ostrout, 65 F.3d 912, 916 (11th Cir. 1995); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). To state such a claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996) (citing Bounds, 430 U.S. at 828).

The Supreme Court explained in Bounds that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . . ." Bounds, 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." Lewis, 518 U.S. at 351. Without a showing that the lack of access frustrated efforts to pursue a nonfrivolous legal claim, an inmate has no standing to challenge the policy or practice in question. Lewis, 518 U.S. at 352-54; Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998).

Plaintiff alleges that he was deprived of access to the law library for more than ninety days. [Doc. 1, Attached Pages at 2]. In addition to failing to implicate a named defendant as to this claim, Plaintiff has not alleged any "actual injury" as a result of the denial of regular access to the law library. The filing of this complaint in this

Court belies any assertion that Plaintiff is being denied meaningful access to the courts. Accordingly, Plaintiff's access-to-courts claim is subject to dismissal.

D. **Equal Protection**

To state a violation of the Equal Protection Clause, Plaintiff must show that he was treated differently on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." Damiano v. Florida Parole and Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). See also City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Plaintiff must also establish that he was similarly situated to other individuals in the same situation. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1273 (11th Cir. 2004) (explaining that "[w]hen comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects").

Plaintiff claims that he was denied his equal protection rights by being placed inhumanely in an overcrowded jail cell. [Doc. 1, Attached Pages at 4-5]. Plaintiff, however, has failed to allege any specific facts that would allow this Court to determine whether Plaintiff was treated unfairly compared to other similarly-situated prisoners. Indeed, Plaintiff has not identified any other similarly-situated prisoner

who received more favorable treatment at the Jail. Accordingly, Plaintiff has failed to state an equal protection claim.

E. **Fair Trial**

At the end of his complaint, Plaintiff claims that he was denied a fair trial. [Doc. 1, Attached Pages at 6]. This claim relates to the fact or duration of his current confinement arising from a state court conviction. Thus, habeas corpus is the only proper vehicle for Plaintiff to raise this claim because the resolution of same will ultimately affect the fact or duration of his current confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). If an inmate brings such a claim under § 1983, it must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U. S. 477, 486-87 (1994). Plaintiff fails to allege that his state court conviction has been reversed or otherwise called into question.[3]

---

[3] To the extent he seeks to attack his conviction, Plaintiff may file a 28 U.S.C. § 2254 federal habeas corpus petition. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). However, Plaintiff must still exhaust his state remedies before he may obtain federal habeas corpus relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

AO 72A
(Rev.8/82)

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the following individuals are **ADDED** as defendants in this action: Officer Revell, Officer Adams, Sergeant Patterson, Chief Security Officer Cheatham, Captain Sims, Captain Collins, and Dr. Croaker.

**IT IS FURTHER ORDERED** that the DeKalb County Sheriff's Office is **DISMISSED** as a defendant in this case.

**IT IS FURTHER ORDERED** that this instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief can be granted against the remaining individual defendants.

**IT IS SO ORDERED**, this 22 day of January, 2010.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)